# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

**In Re:**

SAMANTHA L. MASI,

**Debtor.**

**Bankruptcy Case No. 05-00412**

_____

**SUPPLEMENTAL MEMORANDUM OF DECISION**
_____

In a written decision issued after an evidentiary hearing, the Court concluded in this case that Creditors Mike McCormick and West Coast Car Company willfully violated 11 U.S.C. § 362(a) in their collection activities against Debtor Samantha Masi, and that Debtor was entitled to an award of actual and punitive damages. Mem. of Decision, Docket No. 55. Debtor's only actual damages were her legal fees and costs incurred in prosecuting the stay violation motion. However, insufficient evidence of the amount of those fees and costs had been submitted at the time the Court decided Debtor's motion should be granted. As a result, the Court granted Debtor and her attorney ("Counsel") an opportunity to supplement the record to prove up those fees and costs. Debtor's attorney has

SUPPLEMENTAL MEMORANDUM OF DECISION - 1

now submitted his affidavit and billing recordings showing that Debtor's fees and costs total $5,190.00.  *See* Docket Nos. 59, 60, 63.  Creditors filed a response to these submissions.  Docket No. 64.  In this supplement to the Court's prior decision, the Court now determines the amount of actual and punitive damages Debtor should be awarded.

### Determining Actual Damages

When an award of actual damages under 11 U.S.C. § 362(h) consists of the debtor's legal fees, the strictures of 11 U.S.C. § 330 are a guide to the award of those fees.  *Eskanos & Adler, P.C., v. Roman* (*In re Roman*), 283 B.R. 1, 11 (B.A.P. 9th Cir. 2002) ("We endorse the use of the principles in § 330 as a guide for awarding attorneys' fees under § 362(h)."); *In re Risner*, 04.4 I.B.C.R. 172, 175 (Bankr. D. Idaho 2004).  Section 330 limits fees to reasonable compensation for the actual, necessary legal services provided to Debtor.  An award of fees under § 330, in turn, implicates the requirements of 11 U.S.C. § 328, and Fed. R. Bankr. P. 2016(b) and 2017(b).

Counsel's submissions, Docket No. 63, are inadequate and defective in several respects.  First of all, Counsel's itemization of his services and time spent is replete with "lumped entries."  Eight of the nineteen entries in Counsel's

SUPPLEMENTAL MEMORANDUM OF DECISION - 2

itemization lump multiple tasks together.[1] For example, the February 28, 2005, entry indicates that Counsel spent four hours drafting the motion for sanctions, an accompanying affidavit in support, and speaking with Debtor via telephone. What is not clear is how much of that four hours Counsel spent on each of the three discrete tasks. Because Counsel has not segregated the amount of time spent on each of the lumped tasks, the Court is unable to determine whether the time spent was reasonable within the guidelines of § 330 and the case law interpreting it. This Court has repeatedly identified the lumping of time entries as improper. *See, e.g., In re Anderson*, 03.1 I.B.C.R. 14, 15–16 (Bankr. D. Idaho 2002); *High Country Bed & Breakfast, Inc. v. Amresco Independence Funding, Inc.* (*In re High Country Bed & Breakfast, Inc.*), 02.2 I.B.C.R. 89, 90 (Bankr. D. Idaho 2002); *In re Haskew*, 01.2 I.B.C.R. 62, 65 (Bankr. D. Idaho 2001) ("Lumping compensable services together with noncompensable services makes it difficult if not impossible to determine the amount of time actually spent on the compensable services. In such situations, the Court may deny compensation requested in the lumped entry.").

Counsel's itemization also suffers from a garden-variety lack of critical information. To illustrate, the April 27, 2005, entry shows Counsel spent

---

[1] *See* Docket No. 63 (entries dated 2-25-05; 2-28-05; 4-5-05; 4-7-05; 4-11-05; 4-27-05; 4-28-05; and 5-4-05).

SUPPLEMENTAL MEMORANDUM OF DECISION - 3

three and one-half hours attending the hearing on the "motion for sanctions" under § 362(h) and speaking with someone named "Ruth" on the telephone. The identity of "Ruth," and Counsel's need to speak with her, are not at all apparent from Counsel's submissions. There is no way for the Court to judge whether Counsel's time was necessary to prosecute Debtor's motion. In particular, this entry is troublesome since the hearing on Debtor's motion (which the Court attended) consumed only approximately one hour and forty-five minutes. Allowing Counsel a generous half hour for travel time,[2] his telephone conversation with "Ruth" presumably lasted one and one-quarter hours. There is nothing in the record to show why such a lengthy conference with this mystery woman amounted to a reasonable, necessary service.

Moreover, Counsel's records give the Court additional, more general, cause for concern. For example, the notion that Counsel should reasonably spend close to seven hours revising and reviewing a post-hearing brief that was only four and one-half pages long raises doubt that the itemization should be relied upon at all.[3] As a result, the Court will not engage in an item-by-item

---

[2] While it appears otherwise, assuming Counsel included travel time, he should have charged his client a reduced rate for that time. *High Country Bed & Breakfast, Inc.*, 02.2 I.B.C.R. at 90.

[3] *See* Docket No. 63 (entries dated 5-4-05; 5-12-05; and 5-13-05).

SUPPLEMENTAL MEMORANDUM OF DECISION - 4

review of the entries, and will instead rely upon its own experience and familiarity with the proceedings in setting a reasonable award of fees in this case. All things considered, the Court concludes $2,500.00 represents a reasonable amount of fees for the actual and necessary services that Counsel provided to Debtor in resolving the stay violation issues.

But there is yet another issue that must be addressed before arriving at a final award. Under Fed. R. Bankr. P. 2016(b), a debtor's attorney must disclose the substance of any new fee agreement with the debtor by filing a supplemental disclosure statement not later than fifteen days after the agreement is reached. Counsel's initial Rule 2016(b) disclosure, Docket No. 2, indicated that he agreed to accept $750.00 for representing Debtor in this case, that Debtor paid that fee prior to the bankruptcy petition being filed, and that he was owed nothing more. This initial statement also disclosed that Counsel's representation was limited to prepetition counseling, preparing and filing the necessary bankruptcy papers, and representing Debtor at the first meeting of creditors.

Apparently, Debtor and Counsel struck a new fee agreement concerning prosecution of the stay violation motion. But Counsel has never filed a supplemental disclosure statement as required by Rule 2016. Since Counsel's first billing entry is dated February 25, 2005, Docket No. 63, Counsel is at least three

SUPPLEMENTAL MEMORANDUM OF DECISION - 5

and one-half months tardy in complying with Rule 2016.  While this delay is serious enough, it is especially disappointing that Counsel has failed to comply with the Rules since the Court expressly warned Counsel in its prior decision about the need to file a supplemental disclosure.  Mem. of Decision at 13 n.8, Docket No. 55 (entered May 24, 2005).

In the past, the Court has reduced the fees of debtors' attorneys by 10% for technical noncompliance with Rule 2016(b).  *See, e.g.*, *In re Combe Farms, Inc.*, 01.1 I.B.C.R. 7, 9 (Bankr. D. Idaho 2001).  But a complete denial of compensation is also a permissible sanction in appropriate cases.  *See Law Offices of Nicholas A. Franke v. Tiffany* (*In re Lewis*), 113 F.3d 1040, 1045 (9th Cir. 1997); *In re Larson*, 04.1 I.B.C.R. 15, 16 (Bankr. D. Idaho 2004); *In re Combe Farms, Inc.*, 01.1 I.B.C.R. at 9.

Under these circumstances, the Court concludes a 25% reduction in allowed fees is appropriate.  Counsel's extended failure to comply with the Rules even after the Court pointed out his transgression is inexcusable.[4]  Therefore, Counsel will be allowed, and Creditors will be ordered to pay, $1,875.00 in attorney fees.  In addition to this amount, Counsel has incurred $150.00 in costs that will also be allowed.  Docket No. 63.

---

[4] Make no mistake: Counsel must file a proper supplemental Rule 2016(b) disclosure.  His continuing failure to do so may subject Counsel to additional sanctions.

SUPPLEMENTAL MEMORANDUM OF DECISION - 6

In summary, the Court finds and concludes that Debtor incurred $2,025.00 in actual damages.

### Determining Punitive Damages

The considerations relevant to making an award of punitive damages under § 362(h) have been expressed in the Court's Memorandum of Decision, Docket No. 55, and in *In re Daniels*, 04.4 I.B.C.R. 153, 158–59 (Bankr. D. Idaho 2004); *In re Andrus*, 04.3 I.B.C.R. 137, 144–46 (Bankr. D. Idaho 2004); and *In re Wiersma*, 03.1 I.B.C.R. 42, 44 (Bankr. D. Idaho 2003). Having considered the appropriate factors, including the nature and gravity of the stay violations, the Court finds and concludes that Creditors should be required to pay Debtor an additional $2,025.00 in punitive damages to punish Mr. McCormick and West Coast for their illegal conduct, and to deter them and others from committing any future violations of the § 362 automatic stay.

### Conclusion

Mr. McCormick and West Coast are jointly and severally liable to Debtor for her actual damages and for punitive damages. Debtor's only actual damages are Counsel's fees and costs. Although Counsel submitted a billing statement for more, Debtor's actual damages, and Counsel's right to collect from Debtor, are limited to $1,875.00 in fees and $150 in costs. Additionally, punitive

SUPPLEMENTAL MEMORANDUM OF DECISION - 7

damages of $2,025.00 will be awarded to Debtor.

A separate order will be entered.

Dated: June 22, 2005

 

Honorable Jim D. Pappas
United States Bankruptcy Judge

SUPPLEMENTAL MEMORANDUM OF DECISION - 8